IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DAVID LESTER GROHOSKE, | § | |
| (Falls County No. 11310), | § | |
| | § | |
| V. | § | W-22-CV-1131-ADA |
| | § | |
| SHERIFF JOE LOPEZ.[1] | § | |

## ORDER

Before the Court is David Lester Grohoske's Petition for Writ of Habeas Corpus. (ECF Nos. 5-6, 8-9.) Grohoske is a pretrial detainee in Falls County, where has been held since January 3, 2022, for examination and treatment with the objective that he obtain competency to stand trial. The Court construes Grohoske's federal petition as raising the following claims: (1) during his January 3, 2022 hearing, Grohoske was denied self-representation, counsel, and a public trial, and the trial court failed to convey to the jury that guilt must be proven beyond a reasonable doubt; (2) Grohoske was denied the use of the phone, which would have allowed him to bond out of jail; (3) the contempt order was not signed within a reasonable timeframe; and (4) Grohoske was denied the effective assistance of counsel when he was not allowed to speak with an attorney before his January 3, 2022 hearing. Grohoske seeks to be released from his civil commitment and to be granted bail while awaiting trial. (ECF No. 6.)

First, although Grohoske filed his petition using a 28 U.S.C. § 2254 form, because he is a pretrial detainee, this petition is more properly brought under 28 U.S.C. § 2241. *See Hatfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (§ 2241

---

[1] Sheriff Joe Lopez is the correct Respondent in this case and Bobby Lumpkin should be terminated.

empowers a federal court to grant writs of habeas corpus while § 2254 applies to a person in custody pursuant to a state court judgment) (citation and quotations omitted). Accordingly, the Court construes Grohoske's petition as one brought pursuant to § 2241.

To warrant habeas relief under § 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Although exhaustion of state remedies is mandated by statute only for habeas claims under 28 U.S.C. § 2254(b), Fifth Circuit precedent holds that federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

State records show that, on September 6, 2022, Petitioner filed a pro se state habeas application in the Texas Tenth Court of Appeals, which the court dismissed for lack of jurisdiction on September 14, 2022. *Ex parte Grohoske*, No. 10-22-00290-CR (Tex. App.—Waco, Sept. 14, 2022). Grohoske filed a motion for rehearing, arguing his illegal confinement was civil, rather than criminal, in nature; the court of appeals

concluded it still lacked jurisdiction to issue a writ of habeas corpus and dismissed the motion on October 7, 2022. *Ex parte Grohoske*, No. 10-22-00290-CR (Tex. App.—Waco, Oct. 7, 2022). On October 12, 2022, Grohoske filed a Petition for Writ of Mandamus in the Supreme Court of Texas, which is still pending before that court. *In re Grohoske*, No. 22-0981 (Tex. Oct. 12, 2022).

In the present case, the Texas court of appeals dismissed Petitioner's state habeas application for lack of jurisdiction and that the application was not forwarded to the Texas Court of Criminal Appeals (TCCA) for review. In addition, Petitioner filed his Petition for Writ of Mandamus with the Supreme Court of Texas, not the TCCA, and it remains pending. The record before the Court shows that while Petitioner has tried to exhaust his state court remedies, the TCCA has nonetheless not had the initial opportunity to correct any alleged errors of federal law. Grohoske also fails to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

Unlike petitions filed under § 2254, there is no statute of limitations for petitions brought under § 2241. Accordingly, because Petitioner has failed to exhaust his state court remedies, this petition must be dismissed without prejudice to refiling when Petitioner's state court remedies are exhausted.[2]

---

[2] Even if Petitioner had successfully exhausted his state court remedies, his claims are nonetheless subject to *Younger* abstention, a doctrine which discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine requires federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All conditions for *Younger* abstention are met here.

## **CERTIFICATE OF APPEALABILITY**

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's § 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

It is therefore **ORDERED** that Petitioner's federal habeas petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies; and

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 29th day of November, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE